

AUG 1 0 2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEXINGTON STREETSBORO, LLC<br>One Penn Plaza, Suite 4015<br>New York, New York 10119-4015, | ) ) ) ) | CASE NO.: **07CV2450**<br><br>JUDGE: **JUDGE LIOI** |
| Plaintiff, | ) ) | **MAG. JUDGE LIMBERT** |
| v. | ) ) | |
| ALFRED GEIS<br>c/o Geis Companies<br>10020 Aurora Hudson Road<br>Streetsboro, Ohio 44266, | ) ) ) ) | **COMPLAINT FOR MONETARY<br>DAMAGES AND DECLARATORY<br>JUDGMENT** |
| and | ) ) | |
| GREGORY GEIS<br>c/o Geis Companies<br>10020 Aurora Hudson Road<br>Streetsboro, Ohio 44266, | ) ) ) ) ) | |
| and | ) ) | |
| GEIS BROTHERS HOLDINGS, LTD.<br>10020 Aurora Hudson Road<br>Streetsboro, Ohio 44266, | ) ) ) ) | |
| Defendants. | ) ) | |

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

2. Venue is proper in this judicial district, pursuant to 28 U.S.C. §1391(a)(1).

## THE PARTIES

3. Lexington is a Delaware limited liability company, duly authorized and licensed to conduct business within this District.

4. Lexington is informed and believes and, on that basis, alleges that Alfred Geis is a resident within this District.

5. Lexington is informed and believes and, on that basis, alleges that Gregory Geis is a resident within this District.

6. Lexington is informed and believes and, on that basis, alleges that Geis, Brothers Holdings, Ltd.("Geis, Ltd.") is an Ohio limited liability company duly authorized and licensed to conduct business within this District.

## GENERAL ALLEGATIONS

7. Lexington obtained by assignment all rights, title and interest in, under and to a certain Lease between Geis, Ltd. and L'Oreal USA SD, Inc. (the "Lease"), which conveyed a leasehold interest in certain real property located at 10345 Phillip Parkway, Portage County, Ohio (the "Premises"). Pursuant to the Lease, Geis Ltd. constructed a building and related improvements on the Premises. Geis Ltd. remained responsible for certain obligations pursuant to the Lease and subsequent amendments thereto.

8. Pursuant to the Assignment and Assumption of the Lease, dated August 24, 2004, Lexington assumed and agreed to undertake and perform all of Geis Ltd.'s obligations and liabilities under the Lease.

2

9. Defendants, Alfred Geis and Gregory Geis, entered into an Indemnity Agreement (the "Agreement"), dated August 27, 2004, with Lexington Acquiport Company II, LLC ("LAC"). (A copy of the Indemnity Agreement is attached hereto as Exhibit "A").

10. Pursuant to the Agreement, Defendants agreed to indemnify, defend and hold LAC, as well as its successors, assigns, officers, directors, shareholders and employees. harmless from and against any and all payments, liabilities, claims, damages, judgments, awards, expenses and losses (including reasonable attorneys' fees, costs and expenses), resulting from, but not limited to, any breach by Geis Ltd. of its obligations under the Lease arising prior to the closing date; and any claim by L'Oreal under the Lease that has as its subject matter the construction and/or condition of the building and related improvements. (See, Exhibit "A").

11. LAC subsequently assigned the Agreement to Lexington on or about August, 2004.

12. Lexington has received claims from L'Oreal, which have as their subject matter the breach of construction warranties and the construction and condition of the Premises.

13. Under the Agreement, Defendants are required to indemnify, defend and hold Lexington harmless from said claims and all legal fees, costs and expenses incurred in resolving said claims.

14. Lexington provided Defendants notice of said claims as required under the Lease.

15. As of the filing of this Complaint, Lexington has received no payment from Defendants for fees, costs and expenses expended in connection with said claims.

## COUNT ONE
### (Breach of Contract)

16. Lexington reasserts and incorporates by reference herein the allegations contained in Paragraphs 1 through 15 above, as if fully rewritten herein.

17.     The Agreement is a valid contract under which Defendants are required to indemnify, defend and hold Lexington harmless from and against any and all fees, costs and expenses related to the claims asserted by L'Oreal.

18.     Lexington has performed all of the terms and conditions required of it under the Agreement.

19.     Defendants have breached the Agreement by failing to indemnify, defend and hold Lexington harmless from all fees, costs and expenses incurred as a result of the claims, including, but not limited to, failing to reimburse Lexington for all reasonable expenses incurred in connection with work performed in an attempt to resolve said claims.

20.     Lexington has been damaged as a result of Defendants' breach in an amount in excess of One Hundred Fifty Two Thousand Dollars ($152,000.00), the exact amount to be proven at trial.

## COUNT TWO
### (Declaratory Judgment)

21.     Lexington reasserts and incorporates by reference herein the allegations contained in Paragraphs 1 through 20 above, as if fully rewritten herein.

22.     A justiciable controversy has arisen between the parties requiring this Court to declare the respective rights and obligations of the parties under the Agreement with respect to whether Defendants are obligated to indemnify Lexington in the future as a result of continued claims by L'Oreal.

23.     The Agreement provides indemnification as follows:

1.      **Indemnity.**

        a.      From and after the date hereof, Indemnitor [Defendants]
        shall indemnify, defend and hold Purchaser [LAC] and its successors,
        assigns, officers, directors, shareholders and employees harmless from and

against any and all payments, liabilities, claims, damages, judgments, awards, expenses and losses (including but not limited to reasonable legal fees, costs and expenses in connection therewith) (collectively referred to herein as "Liabilities") with respect to:

\* \* \*

**2.** **Term.** The Term of this Agreement shall commence on the date hereof and continue for (i) with respect to Seller's Retained Obligations, the term of the Lease, (ii) with respect to any breach by Sellers of its representations and warranties made pursuant to Sections 8.1(p) through (x) and (z) of the Purchase Agreement, one (1) year, and (iii) otherwise, two (2) years from the date hereof with respect to any Claim (as defined in Section 3a. below), or such later period until Geis Ltd.'s obligations under Section 3 of the Lease have expired; provided, however, that the indemnification period provided for herein shall be tolled for a particular Claim on the date that Indemnitor or Purchaser receives written notice of that Claim until the final resolution of such Claim.

(Exhibit "A" at ¶¶1(a) and 2).

24. Lexington has provided written notice of the various claims asserted by L'Oreal, thus tolling the indemnification period pursuant to the Agreement.

25. As a result of Geis Ltd.'s failure to undertake and/or perform its obligations under the Lease and subsequent amendments thereto, Lexington has incurred fees, costs and expenses and will continue to do so in the future, including, but not limited to, those costs, fees and expenses, which will be incurred as a result of a certain agreement Lexington entered into with Independence Excavating, Inc. for work to remediate the parking lots and paved areas of the Premises, totaling in excess of $2 million, together with additional future claims regarding the exterior and interior premises. (A copy of the agreement with Independence Excavating is attached hereto as Exhibit "B").

26. Pursuant to the Agreement, Defendants are responsible to indemnify, defend and hold Lexington harmless for all future claims made by L'Oreal, which have as their subject matter the breach of construction warranties, the construction and/or condition of the Premises.

5

## COUNT THREE
### (Unjust Enrichment)

27. Lexington reasserts and incorporates by reference herein the allegations contained in Paragraphs 1 through 26 above, as if fully rewritten herein.

28. Lexington has incurred substantial costs and expenses related to repairs made to the Premises as a result of Geis Ltd.'s failure to perform its obligations under the Lease, including, but not limited to. the construction of the Premises in a workmanlike manner.

29. Lexington has not been reimbursed for the repairs made as a result of Geis Ltd.'s failure to perform its obligations under the Lease.

30. Geis Ltd. has retained the benefit of the repairs made by Lexington without having to pay for the same and, therefore, has been unjustly enriched.

31. Geis Ltd.'s failure to pay has damaged Lexington, and will continue to damage Lexington, in an amount in excess of One Hundred Fifty Two Thousand Dollars ($152,000.00), the exact amount to be proven at the trial.

**WHEREFORE**, Lexington respectfully prays for judgment against Defendants as follows:

(a) On the first cause of action against Defendants, Alfred Geis and Gregory Geis, compensatory damages in an amount in excess of One Hundred Fifty Two Thousand Dollars ($152,000.00), plus reasonable attorneys' fees as provided in the Agreement and any further relief this Court deems just and equitable, including all costs of this action and pre-judgment interest;

(b) On the second cause of action, an Order declaring that the Agreement requires Defendants to indemnify, defend and hold Lexington harmless from all such future claims made by L'Oreal, which have as their subject

6

matter the breach of construction warranties, construction and/or condition of the Premises; and

(c)  On the third cause of action against Defendant, Geis Brothers Holdings, Ltd., compensatory damages in an amount in excess of One Hundred Fifty Two Thousand Dollars ($152,000.00), plus reasonable attorneys' fees and any further relief this Court deems just and equitable, including all costs of this action and pre-judgment interest.

Respectfully submitted,

McCARTHY, LEBIT, CRYSTAL
& LIFFMAN CO., L.P.A.

Robert T. Glickman  (#0059579)
rtg@mccarthylebit.com
David A. Schaefer  (#0014297)
das@mccarthylebit.com
Kimberly A. Brennan  (#0061625)
kab@mccarthylebit.com
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio  44115
(216) 696-1422
(216) 696-1210 (facsimile)

*Attorneys for Plaintiff*